Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida
### Tampa Division

| | |
|---|---|
| Oaster, Bruce D. <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> Civil Aviation Training Solutions Inc Allmand, David <br> CAE USA Mission Solutions Inc. Allmand, David <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 8:19-cv-00056-T-36 AAS <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No <br><br> 2019 JAN -8 PM 2:41 <br> CLERK US DISTRICT COURT <br> MIDDLE DISTRICT OF FLORIDA <br> TAMPA FLORIDA <br> FILED |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Oaster, Bruce D. |
   | Street Address | 1960 Denver West Drive #613 |
   | City and County | Golden, Jefferson County |
   | State and Zip Code | Colorado 80401 |
   | Telephone Number | 303-877-8000 |
   | E-mail Address | osuda@comcast.net |

$400.00
TPA054792

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Civil Aviation Training Solutions Inc. Allmand, David |
| Job or Title *(if known)* | Secretary / General Counsel |
| Street Address | 4908 Tampa W. BLVD. |
| City and County | Tampa, Hillsborough County |
| State and Zip Code | Florida  33634 |
| Telephone Number | 813-887-1678 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | CAE USA Mission Solutions Inc. Allmand, David |
| Job or Title *(if known)* | Secretary / General Counsel |
| Street Address | 4908 Tampa W. BLVD. |
| City and County | Tampa, Hillsborough County |
| State and Zip Code | Florida  33634 |
| Telephone Number | 813-887-1678 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* [ ]

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question      ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

> 41 U.S. 6503

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

       The plaintiff, *(name)* Oaster, Bruce D. , is a citizen of the State of *(name)* Colorado .

    b. If the plaintiff is a corporation

       The plaintiff, *(name)* [ ] , is incorporated under the laws of the State of *(name)* [ ] .
       and has its principal place of business in the State of *(name)* [ ] .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

The defendant, *(name)* [_____], is a citizen of the State of *(name)* [_____]. Or is a citizen of *(foreign nation)* [_____].

b. If the defendant is a corporation

The defendant, *(name)* [Civil Aviation Training Solutions Inc.], is incorporated under the laws of the State of *(name)* [Florida], and has its principal place of business in the State of *(name)* [Florida]. Or is incorporated under the laws of *(foreign nation)* [_____], and has its principal place of business in *(name)* [Florida].

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$2,250,000 unpaid royalty payments for transfer of copyrighted training architecture and curriculums, and instructional design intellecual property. Defendant converted said IP to its unjust enrichment to avoid contractual royalty obligations.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

FACTUAL BACKGROUND

On December 11, 2003, Capt. Bruce Oaster presented to the ICAO (International Civil Aviation Organization), Flight Crew Training and Licensing Panel (FCTLP), a Performance Based Integrated Training Program, that had been conducted as a research project in 1986-87. The Air Carrier Ab Initio Training (ACAT) project was funded by the Boeing Company, Flight Safety International, Cessna Aircraft Company and Lear Jet Corp. and was designed, built, tested and copyrighted by Plaintiff: Bruce D. Oaster. The irony of this event is that the architecture of the sixteen-year-old curriculum was near an exact match in principle for the proposed Competency Based Training being put forward by the ICAO FCTLP (Flight Crew Training and Licensing Panel) in 2003. ICAO recommended that Capt. Oaster join the FCTLP as the advisor to Mr. Jim Dow, Transport Canada, and to serve on Working Group "C", setting the training criteria for the Multi-Crew Pilots License (MPL).

On January 5, 2004 CAE Integrated Training Solutions Group initiated a new Pilot Ab Initio training research and development program. The baseline architecture of the program called for the implementation of an Air Carrier Ab Initio Training (ACAT) curriculum that is performance or competency based and addresses the Commercial Aviation Industry needs for, better qualified, entry level, turbo-jet First Officers, and conforms to the criteria set forth by the ICAO FCTLP. Capt. Ouster's instructional design and curriculum was to be the basis for this new training program.

On or about March 1, 2004, CAE Integrated Training Solutions launched a new Ab Initio Training Initiative. The Plaintiff, Bruce Oaster, as Director of Ab Initio Pilot Training for CAE, developed the base-line criteria for the new "Air Carrier Ab Initio Training" (ACAT) program that embodies all of the criteria set forth by the FCLTP Working Group "C. CAE Integrated Training Solutions was committed to this program and was willing to support the FCLTP by providing a prototype curriculum and courseware to be applied to a BETA Test Class made up of representatives from each of the FCLTP contributing States. CAE also provided direct feedback of all BETA class test data to the FCLTP and the TRAINAIR Central Unit of ICAO. The basis of this ACAT program is the copyrighted PBIT instructional design, training syllabus, curriculum, and course material designed and owned by Plaintiff, Bruce D. Oaster. - U.S. Copyright Registration TX 5-899-457. The Property - Attachment "A"

On April 7, 2008, CAE, Civil Aviation Training Solutions Inc. entered into an agreement to transfer Plaintiffs copyrighted Intellectual Property (ACAT Training Syllabus) consisting of; All printed materials, work books, appendices, teaching guides, methods, techniques, schedules and the Performance Based Integrated Training (PBIT) instructional design criteria, which comprises the essence and architecture of the copyrighted intellectual property. The Agreement - Attachment "B"

CLAIM NO. 1 BREACH OF CONTRACT

Defendant CAE was obligated under Section 6.3 of the Transfer Agreement to provide Plaintiff with quarterly accounting of number of student enrollment in a CAE program, and the number of student graduates during the quarter. One accounting report was received in the third year of the term of the agreement, after several requests. No other accounting reports were received after repeated requests, until legal counsel was obtained and made written demands to the then Vice President of CAE, on August 5, 2015, and again on November 10, 2015. The second accounting was received on November 16, 2015, stating that after seven years, only 164 students had graduated under the ACAT instructional design criteria provided whole or in part, along with training materials, teaching guides, methods and techniques provided by Defendant CAE USA Mission Solutions Inc., or its predecessor, to Defendant CAE Oxford Aviation Academies and its global affiliates. The third accounting was received on August 3, 2018, ten and one-half years from the effective date and after the term of the agreement, stating that only 150 students had graduated from one licensing venue, completely ignoring several thousand graduates that had benefitted from the ACAT and PBIT training materials. One accounting report, out of forty that were due, over a ten-year period constitutes a clear Breach of Contract. The Correspondence - Attachment "C"

## CLAIM NO. 2 BREACH OF CONFIDENTIALITY

Defendant CAE breached the confidentiality of the Transfer Agreement by assinging and subcontracting the rights amd obligations, and publishing updated, modified or created derivatives of Plaintiffs intellectual property to forign third parties, without writen, oral or electronic notice being given to Plantiff as required under Section 8.2, 8.3, 8.8 Transfer Agreement. The Correspondence - Attachment "C"

## CLAIM NO. 3 NEGLEGANCE

Defendant CAE failed to fulfil the "Duty of Care" responsibility to Plaintiff as follows:

a)   Defendant CAE choose to ignore requests for quarterly accounting as prescribed in the Transfer agreement.
b)   Defendant CAE choose to ignore letters to CAE Executives calling their attention to possible conversion and misappropriation of intellectual property transferred to CAE by Plaintiff.
c)   Defendant CAE failed to provide Care, Guidance and Contractual Oversight to CAE staff charged with administering, application and dissemination of Plaintiffs intellectual property pursuant to the terms of the Transfer Agreement.
d)   Defendant CAE knowingly breached the Duty to provide Care and Oversight to Defendant thereby putting Defendants interest and contractual benefits at a substantial risk of loss.

Defendant CAE committed a negligent act in allowing the conversion and dissemination of Plaintiffs intellectual property, (The Architecture), whole or in part, to be published to the benefit and Unjust Enrichment of third parties, thereby violating the spirit and intent of the Transfer Agreement. (Section 1.1 and 1.2) Attachment "A"

Defendant CAE appropriated, converted and diverted, all or in part, Plaintiffs intellectual property away from its intended use and application to the benefit of third parties, without notice, (Section 8.8) causing substantial loss of royalty payments to Plaintiff, as final compensation for the transfer of Plaintiffs intellectual property.

## CLAIM NO. 4 CONVERSION

On or about early 2012 and through the term of the Transfer Agreement, April 2018, Defendant CAE changed, altered, modified and created new derivatives of Plaintiffs intellectual property (Training Architecture - PBIT instructional design criteria, training syllabus and curriculums, courseware and presentations), and reissued and published the Architecture whole or in part to third parties owned and/or operated by Defendant CAE, without notice or consent. (Section 8.8 of the Transfer Agreement)

While Defendant CAE was in lawful possession of Plaintiffs intellectual property under the terms of the Transfer Agreement, CAE intentionally and wrongfully appropriated, altered, reissued, published and turned the nature, use and application of Plaintiffs intellectual property (The Training Architecture) to enhance and support CAE training programs in pursuit of the CPL (Commercial Pilots License) and the ATPL (Air Transport Pilot License) to the benefit of CAE Pilot Trainees, thereby providing unjust enrichment of third parties owned or operated by CAE, and exceeded the scope of authority for the lawful possession of the Training Architecture seriously violating Plaintiffs rights, and committing the unlawful act of Conversion.

## CLAIM NO. 5 UNJUST ENRICHMENT

From 2012 to 2018 and today, Defendant CAE has converted and appropriated all or in part, the Plaintiffs intellectual property (Training Architecture, syllabus and curriculums including the PBIT instructional design, courseware and presentations), to enrich its training revenues and those of wholly owned training affiliates, partners and company training academies on a global basis, contributing to $1.429 billion dollars in annual revenue for FY2016 alone, at the expense of Plaintiff. Attachment "D"

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The agreed upon compensation for the transfer of Plaintiffs intellectual property is $2,650,000.00 USD. An initial payment of $400,000.00 was made in the form of a charitable donation to a U.S. 501(c)(3) non-profit foundation, and a tax deduction to CAE. Note: Section 6.2.1 of the agreement calls for the Executive Director (plaintiff) of the non-profit foundation to pay back this donation as an offset against future royalty payments.

The balance of the transfer fee, $2,250,000.00 USD was to be paid as royalties based on graduating Ab Initio Pilot students utilizing the Plaintiffs Training Architecture, whole or in part, as part of their training, per Section 6.2.2 of the Transfer Agreement.

| TOTAL AGGREGATE GRADUATES | ROYALTY PER GRADUATE |
| --- | --- |
| Graduates 1 – 1200 | No Royalty Accrual |
| Graduates 1201- 5000 | $300.00 per Graduate |
| Graduates 5001 – and up | $600.00 per Graduate |

Defendant CAE claims that over the ten-year term of the Transfer Agreement only 150 students have graduated, sighting that only those seeking a Multi Crew Pilots License are to be counted. Plaintiff has gathered evidence and believes to be true, that Defendant CAE trained and graduated in excess of 6,000 students who utilized whole or in part, the training Architecture, curriculums, materials and methods contained in the Plaintiffs intellectual property.

Plaintiff believes, and investigation and discovery will show, that Defendant CAE graduated in excess of 6,000 Ab Initio student pilots from fourteen (14) CAE owned or affiliated training academies around the world, over the ten-year period from 2008 to 2018 and graduates benefitted from Plaintiffs Performance Based Integrated Training (PBIT) instructional design criteria, techniques, methods and protocols, contributing to an annual revenue of $1.429 billion dollars in FY2016 alone. Attachment "D"

Plaintiff seeks damages equal to the agreed upon, maximum royalty amount stated in Section 6.2.4 of the Transfer agreement of $2,250,000.00 USD.

Plaintiff has a small pension and Social Security. Plaintiffs retirement was lost in the Bankruptcy of Plaintiffs employer, Pan American Airways. The term and royalty payments describe herein were to be Plaintiffs retirement. Plaintiff was forced to sell his home of 35 years to meet medical expenses and provide care for his spouse with a terminal disease. The stress and burden put on Plaintiff is affecting his health at age 83.

Plaintiff seeks punitive damages equal to the maximum royalty payment of $2,250,000.00 USD.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1-8-19

Signature of Plaintiff: *[signed]*
Printed Name of Plaintiff: Bruce D. Oaster

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

January 9th. 2019

Civil Aviation Training Solutions Inc.
CAE USA Mission Solutions Inc.
CAE Inc.
All CAE Training Academies, and Training Centers
All CAE Subsidiary Companies and Associates

*Re: Pending conversion, breach of fiduciary duty, breach of contract, and unjust enrichment Proceedings against Civil Aviation Training Solutions Inc, CAE USA Mission Solutions Inc. and all present and former CAE Training Organization, Subsidiaries and Associates.*

## *NOTICE OF LEGAL DOCUMENT HOLD OBLIGATION*

Gentlemen,

This letter is to inform you of a legal action that has been filed against Civil Aviation Training Solutions Inc, CAE USA Mission Solutions Inc. alleging various counts of conversion, breach of fiduciary duty, breach of contract, and unjust enrichment, arising from conversion and publishing of intellectual property to circumvent contractual royalty obligations and unjustly enrich subsidiaries, associates and CAE Training Schools and Academies.

The purpose of this letter is to place Civil Aviation Training Solutions Inc. CAE USA Mission Solutions Inc., and all CAE Training Academies, affiliates, associates, or partner training organizations, on **Express Notice,** of its legal obligation to preserve evidence, including electronic evidence. Civil Aviation Training Solutions Inc. and CAE Inc. and its current and former Board members and management personnel has an ongoing legal obligation to preserve, and to refrain from any destruction, modification, alteration, concealment, redacting or other tampering with any document, including electronically stored records, that is either relevant, or capable of leading to the discovery or identification of evidence that is relevant, with respect to the following actions and activities (the "Subject Actions"):

Bruce Dean Oaster brings this action against defendants Civil Aviation Training Solutions Inc., CAE USA Mission Solutions Inc., and its current and former Board members and management personnel to recover the full amount of the contracted royalty of Two Million Two Hundred Fifty Thousand Dollars ($2,250,000 USD, for conversion of Bruce Oaster's Performance Based Integrated Training (PBIT) Instructional Design criteria, syllabus, methods and curriculums, to their own benefit through breach of fiduciary duty, breach of contract, conversion, and unjust enrichment, thereby circumventing any royalty payments by altering, re-labeling, re-branding, re-publishing, diverting, and appropriating all or in part, of said "Instructional Design" intellectual property, to the benefit of all CAE Training Organizations and for all Ab Initio Pilot trainees.

This notice applies to Civil Aviation Training Solutions Inc., CAE Inc. CAE USA Mission Solutions Inc., all current and former CAE board members, Executive Management, Directors, Managers and all subsidiary company board members, officers, employees, agents, attorneys and accountants, and all parties tasked with prior or current custodial recordkeeping functions of inter-company transactions, emails, textual messages, phone records, Fax or other means of communication, for Civil Aviation Training Solutions Inc., CAE USA Mission Solutions Inc, and all (the "Affected Parties").

[Oaster/CAE]

Further, we remind you that claims of privilege are separate from the obligation to preserve evidence. Plaintiff reserves the right to dispute claims of privilege and request in-camera review of evidence subject to claims of privilege. As such, regardless of whether some information is privileged and may legitimately be withheld, the obligation to preserve that evidence during the pendency of this litigation continues. In other words, not even privileged material may be altered or destroyed.

Pending further investigation and discovery, the following documents and records are to be maintained and safeguarded from destruction, modification, alteration, concealment, redacting or other tampering:

1. All electronic mail and text messages of any format, together with their associated metadata or other information, sent by, to or exchanged among any of the Subject Parties concerning the Subject Actions.

2. All databases and metadata or other information about such databases, including all records and fields, as well as the queries, forms, reports, code, and structural information or schema associated with such databases, containing any reference to and/or information about or relating to the Subject Actions.

3. All word processing files and file fragments containing information about or relating to the Subject Actions.

4. All computer presentations, including PowerPoint slides, stand-alone databases, and spreadsheets containing information about or relating to the Subject Actions.

5. All files and file fragments containing information from electronic calendars and scheduling programs regarding or relating to the Subject Actions.

6. All logs of activity, and metadata or other information about those logs, on computer systems which may have been used to process, store, or transmit information concerning the Subject Actions.

7. All voicemails and metadata or other information about those voicemails related to the Subject Actions.

8. All electronic data containing information about or relating to the Subject Actions.

With regard to on-line storage and/or direct-access storage devices attached to mainframe computers and/or minicomputers: do not modify or delete any electronic data files which exist which meet criteria set forth in this letter that are maintained on on-line storage and/or direct access storage devices attached to your mainframe computers, networks, and/or minicomputers, unless a true and correct bitstream image "copy" of each electronic data file referenced above has been made of such active files and of completely restored versions of such deleted electronic files and file fragments; copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files; and arrangements have been made to preserve copies during the pendency of this litigation.

With regard to all electronic media used for off-line storage (including CD-ROMs, DVDs, memory devices, diskettes, magneto-optical media, magnetic tapes and cartridges, and other removable or recordable media), containing any electronic data meeting the criteria listed in paragraph 1 above: stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such  media in whole or in part. This is intended to

[Oaster/CAE]

cover all removable electronic media used for data storage in connection with defendants' computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup and/or archive data sets and other electronic data, for all of defendants' computer systems.

**Erasure or Replacement of Data Storage Devices:** Do not erase, reformat, or otherwise dispose of any electronic data storage devices and/or media that may have been, or may need to be, replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

**Fixed Drives on Standalone Personal Computers and Network Workstations:** With regard to electronic data meeting the criteria listed above that exists on fixed drives attached to stand-alone microcomputers and/or network workstations, or is maintained locally on computer workstations *(e.g.,* on the local drive of a networked or non-networked computer), on laptops, or on home computers that are used for work (whether or not such use is authorized): do not alter or erase such electronic data, and do not perform other procedures (such as data compression and disk defragmentation or optimization routines) that may impact such data, unless a true and correct bitstream image "copy" of each electronic data file referenced in paragraph 1 above has been made of such active files and of completely restored versions of such deleted electronic files and file fragments; copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files; and arrangements have been made to preserve copies during the pendency of this litigation.

**Programs and Utilities:** Preserve copies of all application programs and utilities that may be used to read or process electronic data covered by this letter.

**Log of System Modifications:** Maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed in paragraph 1 above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third-parties.

**Evidence Created Subsequent to this Letter:** With regard to electronic data or tangible records, including emails or voice mail messages, created subsequent to the date of the this letter, any such information is similarly within the scope of this letter, must be preserved to the same extent as with other preexisting records, and must not be subject to destruction, modification, alteration, concealment, redacting or other tampering.

**Within ten days from the date of this letter:** Kindly acknowledge to the undersigned that you are in receipt of this letter, and that you confirm that this letter has been distributed to all affected parties and that all affected parties are in compliance with the foregoing evidentiary obligations.

Respectfully,

*Bruce Dean Oaster*

osuda@comcast.net
1+ 303-877-8000

[Oaster/CAE]